IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 7 2007

GREG C. LANGHAM
CLERK

Civil Action No. 07-cv-00377-BNB

JON SCOTT CHAUSSEE,
      Applicant,

v.

CARL ZENON, Warden, Cheyenne Mountain Re-Entry Center, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
      Respondents.

---

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Jon Scott Chaussee, is in the custody of the Colorado Department of Corrections at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. Mr. Chaussee initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Chaussee is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Chaussee will be ordered to file an amended application.

The court has reviewed the application and finds that it is deficient because Mr. Chaussee fails to assert specific facts in support of his claims to demonstrate that his constitutional rights have been violated. Mr. Chaussee alleges in his first claim only that the Crowley County District Court erred in denying his habeas corpus petition as successive. In his second claim, Mr. Chaussee again fails to set forth any specific constitutional claim and makes only a vague reference to an exchange between the trial

court and the prosecutor when he was resentenced in March 1996.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Chaussee go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, Mr. Chaussee will be ordered to file an amended application in which he identifies the specific claims for relief he is asserting as well as the specific facts that support each asserted claim. Accordingly, it is

ORDERED that Mr. Chaussee file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Chaussee, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Chaussee fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED February 27, 2007, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 07-cv-00377-BNB

Jon Scott Chaussee
Prisoner No. 89288
Cheyenne Mountain Re-Entry Center
2825 East Las Vegas - 3C 315B
Colorado Springs, CO 80906


     I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 2-27-07.


GREGORY C. LANGHAM, CLERK


By: _____
                Deputy Clerk